[Crim. No. 11413. Third Dist. Oct. 5, 1981.]

In re RONALD FULLER on Habeas Corpus.

COUNSEL

Robert N. Chargin, Public Defender, and Jeffrey L. Hirschfield, Deputy Public Defender, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James Ching and Jana L. Tuton, Deputy Attorneys General, for Respondent.

OPINION

**PUGLIA, P. J.**—Petition for writ of habeas corpus. In 1972 petitioner was charged with kidnaping (Pen. Code, § 207) and assault with intent to commit rape (Pen. Code, § 220). His single plea of not guilty by reason of insanity was sustained and he was committed to a state hospital pursuant to former Penal Code section 1026. (Stats. 1935, ch. 318, pp. 1075-1076; all further statutory references are to sections of the Penal Code.)

In 1978, the Supreme Court held that absent grounds for an extended commitment, equal protection prohibits confinement of the criminally insane beyond the maximum term allowable for the underlying offense. (*In re Moye* (1978) 22 Cal.3d 457 [149 Cal.Rptr. 491, 584 P.2d 1097].) Thereafter the Legislature codified *In re Moye* by adding section 1026.5 as an urgency statute effective September 28, 1979. (Stats. 1979, ch. 1114, §§ 3, 4, 6, pp. 4051-4054.) The new statute required the former Community Release Board to determine the maximum term of commitment of those adjudged criminally insane (§ 1026.5, subd. (a)) and further provided: "A person may be committed beyond the term prescribed by subdivision (a) only under the procedure set forth in this subdivision [(b)] *and only if such person has been committed under section 1026 for a felony subject to subdivision (b) of Section 1026* and who by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others." (§ 1026.5, subd. (b)(1); italics added.) The same statute concurrently amended and reorganized section 1026, adding subdivision (b) which applied in the following cases: "If the defendant has been found guilty of murder, mayhem, *a violation of Section 207 or 209 in which the victim suffers intentionally inflicted great bodily injury*, robbery in the first degree or in which the victim suffers great bodily injury, a violation of Section 447a involving a trailer coach, as defined in Section 635 of the Vehicle Code, or any dwelling house, a violation of subdivision 2 or 3 of Section 261, a violation of Section 459 in the first degree, assault with intent to commit murder, *a violation of Section 220 in which the victim suffers great bodily injury*, a violation of Section 12303.1, 12303.2, 12303.3, 12308, 12309, or 12310, *or if the defendant has been found guilty of* a felony involving death, great bodily injury, or *an act which poses a serious threat of bodily harm to another person . . . .*" (Italics added; Stats. 1979, ch. 1114, § 1, pp. 4049-4050.)[1]

---

[1]After the order here at issue, the quoted language was removed from section 1026, subdivision (b), and substantially incorporated in section 1026.5, subdivision (b)(1), which now reads: "A person may be committed beyond the term prescribed by subdivision (a) only under the procedure set forth in this subdivision and *only if such person has been committed under Section 1026 for* a felony of murder, mayhem, *a violation of Section 207 or 209 in which the victim suffers intentionally inflicted great bodily injury*, robbery with a dangerous or deadly weapon or in which the victim suffers great bodily injury, a violation of subdivision (a) or (b) of Section 451, a violation of subdivision 2 or 3 of Section 261, a violation of Section 459 in the first degree, assault with intent to commit murder, *a violation of Section 220 in which the victim suffers great bodily injury*, a violation of Section 288, a violation of Section 12303.1, 12303.2, 12303.3, 12308, 12309, or 12310, *or if the defendant has been found guilty of* a felony involving death, great bodily injury, or *an act which poses a serious threat of bodily harm to another person*, and who by reason of a mental disease, defect, or disorder re-

Early in 1979, following the decision in *In re Moye, supra*, the then Community Release Board fixed petitioner's maximum term of commitment. On June 21, 1979, the People applied for extension of the commitment pursuant to *In re Moye, supra*; petitioner demurred and the matter was continued. On May 12, 1980, after petitioner's objections were withdrawn, the superior court recommitted him to the state hospital until July 17, 1980.

On July 10, 1980, a second petition for recommitment came before the court. Petitioner, through counsel, submitted the decision on the record before the court with knowledge the court would order recommitment. Such an order was then entered recommitting petitioner until July 17, 1982.

On January 23, 1981, petitioner challenged the second recommittment order in superior court by a writ of habeas corpus declaring, "I went to court on July 10, 1980. At my request, I received a two-year extention [*sic*] on my P.C. 1026 commitment. I have since changed my mind." His counsel contended the July 10, 1980, recommitment order was without authority because the circumstances of petitioner's offenses fell short of the statutory commitment requirements. The superior court reviewed the preliminary hearing transcript, concluded petitioner's acts posed a serious threat of bodily harm to the victim, and declined to grant the writ.

Petitioner reiterates in the present proceeding that his crimes did not "pose a serious threat of bodily harm to another person" within the meaning of former section 1026, subdivision (b), or current section 1026.5, subdivision (b)(1). (Insofar as relevant to the issue in this case, § 1026.5, subd. (b)(1), is identical to former § 1026, subd. (b) (see fn. 1, *ante*, p. 253). In the interest of simplicity, references hereafter to 1026.5, subd. (b)(1) include former section 1026, subd. (b).) The People contend the victim's testimony at the preliminary hearing establishes sufficient grounds for recommitment and further contend habeas corpus is not available to petitioner because he failed to appeal from the July 10, 1980, order.

■ We shall determine the case on the merits. It is true that as a general rule habeas corpus cannot serve as a substitute for appeal. (*In*

---

presents a substantial danger of physical harm to others." (Italics added; Stats. 1980, ch. 1117, § 6.1.)

*re Dixon* (1953) 41 Cal.2d 756, 759 [264 Cal.Rptr. 513].) The rule yields however, in special circumstances; courts do not always require the exhaustion of appellate remedies. (*Ibid.; In re Black* (1967) 66 Cal.2d 881, 887 [59 Cal.Rptr. 429, 428 P.2d 293]; see Witkin, Cal. Criminal Procedure (1963) Habeas Corpus and Other Extraordinary Writs, § 797, p. 769.) Here, as in *In re Black, supra,* petitioner's continued confinement followed "somewhat unique" developments and the issue he presents is jurisdictional. It is also apparently novel. We are thus disposed to consider it.

Evidence of petitioner's offenses was presented at the preliminary hearing in 1972. The victim testified petitioner accosted her as she emerged from a Stockton grocery store late one afternoon. He told her he had a gun, threatened to rape and kill her, and forced her into her car. In the car, he kissed her and began to remove her clothing as she drove. "Then when he started taking all my clothes off I thought about breaking [*sic*] and running, so I started hollering and screaming and I had my hand on the door and I opened the door and started to run and he caught me and he was choking me as I was screaming and he had my left hand behind my back or something, I can't remember exactly, but I know my right hand was free and I started honking the horn and he panicked and let me go."

By his single plea of not guilty by reason of insanity, defendant admitted commission of the charged offenses. (§ 1016.) Both kidnaping and assault with intent to commit rape are specifically included in section 1026.5, subdivision (b)(1). In the context in which the two offenses are expressly mentioned, term extension is not authorized by the commission alone of either offense; a further showing that the victim suffered great bodily injury, intentionally inflicted in the case of kidnaping, is required. No such showing has been made here. Nonetheless, a different clause of section 1026.5, subdivision (b)(1), set forth disjunctively, provides for term extension in the case of a defendant found guilty of "an act which poses a serious threat of bodily harm to another person." Depending on the facts, a kidnaping or assault to rape may constitute such an act.

█ We agree with the superior court's conclusion that petitioner's conduct as described in the victim's testimony constituted an act posing "a serious threat of bodily harm to another person" within section 1026.5, subdivision (b)(1). That the victim did not in fact suffer bodily harm does not diminish the high potential of such harm inherent in pe-

titioner's conduct. (See *People* v. *Covino* (1980) 100 Cal.App.3d 660, 667, 668 [161 Cal.Rptr. 155].)

The petition is denied and the order to show cause is discharged.

Regan, J., and Reynoso, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 2, 1981.