[No. B007805. Second Dist., Div. Six. Aug. 16, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD OVERLY, Defendant and Appellant.

---

**COUNSEL**

Donald Beacham, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susan Lee Frierson and Jennifer S. Cady, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Richard Overly appeals from an order of recommitment to Atascadero State Hospital for an additional two years. (Pen. Code, § 1026.5, subd. (b).) He contends there was insufficient evidence to support the trial court's order and that Penal Code section 1026.5, subdivision (b) is inapplicable to the offense which underlies his original commitment. We disagree with both arguments and affirm the order.

### I

### FACTS

On November 26, 1979, appellant, a patient at Atascadero State Hospital, assaulted another patient while in the dining room by stabbing him in the head and neck with a piece of silverware. This incident spawned a criminal charge against appellant of assault with a deadly weapon, a felony (Pen. Code, § 245, subd. (a)), to which he pleaded "not guilty" and "not guilty by reason of insanity." Appellant and the People waived trial by jury; the trial court found him guilty of the felony charged and then, at the sanity phase of the trial, found him not guilty by reason of insanity. The court committed him to Atascadero State Hospital. (Pen. Code, § 1026.)

On April 9, 1984, the district attorney filed a petition for extended commitment requesting that appellant's commitment be extended because he represented a substantial danger of physical harm to others. (Pen. Code, § 1026.5, subd. (b).) Appellant waived trial by jury. After hearing testimony of three expert witnesses as well as appellant and receiving evidence concerning the original charge, the trial court found that appellant had committed a felony posing serious threat of bodily harm to another person and that he represented a substantial danger of physical harm to others.

### II

### DISCUSSION

### A. *Substantial Evidence*

Appellant contends the evidence is insufficient to support the trial court's decision to extend commitment to Atascadero. This argument stems from

the trial court's statement that, "[t]he evidence is conflicting and if the only witness who had testified was Dr. Dennis, the Court could not make that finding [that appellant posed a substantial danger to others]." Apparently the court reached that conclusion because Doctor Dennis, a hospital psychiatrist, testified that appellant "has a *propensity* for being a substantial danger to others should he respond to stimuli commanding him to carry out assaultive behavior." (Italics added.) He would not say that appellant *represented* a substantial danger of physical harm to others.[1]

■ To continue confinement, the prosecution bears the burden of demonstrating beyond a reasonable doubt, that appellant is mentally ill and causes a physical danger to others. (*People* v. *Buttes* (1982) 134 Cal.App.3d 116, 125 [184 Cal.Rptr. 497]; *People* v. *Bennett* (1982) 131 Cal.App.3d 488, 492 [182 Cal.Rptr. 473].) Testimony by mental health experts is often the only way to establish whether such dangerousness exists. (*People* v. *Bennett, supra,* at p. 497.)

■ Although we find no authority which specifically sets forth the standard for reviewing sufficiency of evidence to support a Penal Code section 1026.5 extension, we note that in considering recommitment of a person as a mentally disordered sex offender, the reviewing court applies the same test employed to review a judgment of conviction. (*People* v. *Martin* (1980) 107 Cal.App.3d 714, 719 [165 Cal.Rptr. 773].) Since the classes of offenders are so similar (*In re Moye* (1978) 22 Cal.3d 457, 463 [149 Cal.Rptr. 491, 584 P.2d 1097]), the same criterion should be used here. Thus, we review the entire record in the light most favorable to the judgment to determine whether substantial evidence supports the trial court's conclusion. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576-578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

■ Doctor Dennis stated that appellant was a chronic paranoid-schizophrenic who responded to internal stimuli and who, at times, was not fully in contact with reality. Although Doctor Dennis had observed no evidence of assaultive behavior in the prior six months, he attributed his behavioral improvement to "being in a very highly structured environment" and receiving "very high doses of neurotrophic medication." He was uncertain whether his improved function would continue in a less structured setting, noted his recidivism, and mentioned that he had not taken his medication when released to the community previously. Doctor Dennis supported a recommendation for recommitment.

---

[1]Doctor Dennis stated: "I can't specifically commit myself to that because I have no ability to predict what one will do in response to a delusional state. I can only say that he has a high propensity to do so."

Doctor Salcedo, a staff clinical psychologist, testified that he had observed occurrences personally and heard reports from others of appellant's assaultive behavior in the preceding year, and opined that appellant represented a substantial danger of physical harm to others. Doctor Mosman, a court-appointed clinical psychologist, reached the same conclusion after having read medical and staff reports and interviewing appellant.

Appellant contends that, because Doctor Dennis was "the most qualified witness" and had seen no recent evidence of assaultive behavior, his opinion was entitled to greatest weight. Not so. Appellant cites no authority, nor are we aware of any, that requires a trier of fact to favor testimony of a psychiatrist over that of a psychologist. Conflicts in evidence, and even testimony, which are subject to justifiable suspicion do not justify reversal of a judgment. (*People* v. *Thornton* (1974) 11 Cal.3d 738, 754 [114 Cal.Rptr. 467, 523 P.2d 267], disapproved on other grounds in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684 [160 Cal.Rptr. 84, 603 P.2d 1].) The trial court had before it evidence which was reasonable, credible, and of solid value, from which it could find that appellant posed a substantial danger of physical harm to others. (*People* v. *Thompson* (1980) 27 Cal.3d 303, 322-323 [165 Cal.Rptr. 289, 611 P.2d 883].) Moreover, proof of a recent overt act is not constitutionally required to extend the commitment of a person found to be criminally insane. (*People* v. *Buttes, supra,* 134 Cal.App.3d 116, 127.) There was no error.

B. *Applicability of Penal Code Section 1026.5, Subdivision (b)*

At the time of appellant's recommitment hearing, section 1026.5, subdivision (b)(1) provided as follows: "A person may be committed beyond the term prescribed by subdivision (a) only under the procedure set forth in this subdivision and only if such person has been committed under Section 1026 for a felony of murder, mayhem, a violation of Section 207 or 209 in which the victim suffers intentionally inflicted great bodily injury, robbery with a dangerous or deadly weapon or in which the victim suffers great bodily injury, a violation of subdivision (a) or (b) of Section 451, a violation of subdivision 2 or 3 of Section 261, a violation of Section 459 in the first degree, assault with intent to commit murder, a violation of Section 220 in which the victim suffers great bodily injury, a violation of Section 288, a violation of Section 12303.1, 12303.2, 12303.3, 12308, 12309, or 12310, or if the defendant has been found guilty of a felony involving death, great bodily injury, or an act which poses a serious threat of bodily harm to another person, and who by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others."

Appellant contends that the catchall provision, ". . . or an act which poses a serious threat of bodily harm to another person," is inapplicable

here because, having selected one specific type of assault—assault with intent to commit murder—and having omitted all other types of assault, including that with a deadly weapon, the Legislature "has clearly set forth the only type of assault which will enable a grant of jurisdiction in recommitment proceedings." We disagree.

■ In interpreting legislative intent, every word, phrase or provision is presumed to have meaning and perform a useful function. (*People* v. *Hinojosa* (1980) 103 Cal.App.3d 57, 64 [162 Cal.Rptr. 793].) " '[W]here the language of a statutory provision is susceptible of two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted.' " (*In re Eric J.* (1979) 25 Cal.3d 522, 537 [159 Cal.Rptr. 317, 601 P.2d 549].) ■ The statute in question reflects the Legislature's determination to protect the public from persons who have committed crimes of violence or threats thereof and who, by reason of mental illness, remain dangerous. (*People* v. *Bennett, supra,* 131 Cal.App.3d 488, 492.) Moreover, the rule of construction known as *ejusdem generis* provides that "where general words follow specific words in an enumeration, the general words are construed to embrace things similar in nature to those things enumerated by the preceding specific words." (*People* v. *Hernandez* (1978) 90 Cal.App.3d 309, 315 [155 Cal.Rptr. 1], fn. omitted.) Thus, the specific words constitute a class which is not exhausted by the enumeration, and the general reference supplements the enumeration. (*Ibid.*)

The specific crimes enumerated, by their violent nature alone, indicate the defendant's dangerousness. However, the Legislature also intended to protect the public from persons who have committed crimes which, based on facts, indicate violence or threat of violence.[2] Therefore, application of the catchall provision to appellant's case does not give broader meaning than the class formed by offenses enumerated in the statute. (See *People* v. *Hernandez, supra,* 90 Cal.App.3d at p. 315.) Offenses included and includable therein all have in common either actual injury or serious threat of bodily harm to another person. "That the victim did not in fact suffer bodily harm does not diminish the high potential of such harm inherent in [appellant's] conduct." (*In re Fuller* (1981) 124 Cal.App.3d 251, 255-256 [177 Cal.Rptr. 233].)

---

[2]Effective January 1, 1985, section 1026.5, subdivision (b)(1) was amended to provide that being found not guilty by reason of insanity of *any felony* may provide the basis for a recommitment proceeding.

Consequently, Penal Code section 1026.5, subdivision (b)(1), in effect at the time of appellant's recommitment hearing, is applicable to his criminal offense of assault with a deadly weapon. We affirm the order.

Gilbert, J., and Abbe, J., concurred.