[Civ. No. 26397. Fourth Dist., Div. One. Feb. 1, 1982.]

EARL STANLEY KUHNS, Plaintiff and Appellant, v.
BOARD OF SUPERVISORS OF SANTA CRUZ COUNTY,
Defendant and Appellant.

**COUNSEL**

Joseph Rhine for Plaintiff and Appellant.

Clair A. Carlson, County Counsel, and James M. Ritchey, Assistant County Counsel, for Defendant and Appellant.

OPINION

**BROWN (Gerald), P. J.**—Earl Stanley Kuhns, plaintiff, appeals conditions attached to a writ of mandate ordering the Santa Cruz Board of Supervisors, defendant, to issue him a planned development permit to operate a general bookstore. The board of supervisors cross-appeals claiming the court erred in granting the writ.

Kuhns is the owner of property in Santa Cruz. He applied for a planned development permit to operate "Frenchy's," an adult bookstore. His application was rejected because such a store would violate a Santa Cruz County zoning ordinance.[1] A year later Kuhns reapplied for a permit, this time to operate a general bookstore with the same name at the same location. This application was also rejected. Kuhns refiled his general bookstore application, insisting he did not intend to operate an "adult" bookstore. The Santa Cruz Zoning Administrator approved the permit subject to certain conditions:

(1) A new sign should be built which does not include the name "Frenchy's";

(2) The property should be used as a bookstore and not as an "adult" bookstore;

(3) The store must comply with the zoning ordinance by not including "as a substantial or significant portion of its stock in trade" books, magazines or other publications or devices which are "distinguished or characterized by their emphasis on matter depicting, describing, or relating to specified sexual activities or specified anatomical areas";

(4) No motion pictures shall be permitted;

(5) Sales records are to be kept in two categories of regular and "adult" sales and are to be submitted for review on a bimonthly basis.

The Santa Cruz County Board of Supervisors then requested a public hearing to reconsider Kuhns' application. The board considered Kuhns'

---

[1]The property is located in a commercial-2 planned development zone. The county code allows unrestricted operation of adult bookstores in commercial-1 districts. However, in commercial-2 districts the code requires such establishments to be dispersed. Specifically, an adult establishment may not be located within 1,000 feet of another adult establishment, within 500 feet of a school or public playground, or within 400 feet of a residential area.

background: he owned two other adult bookstores in the area (also named Frenchy's); he was convicted of distributing obscene materials in Santa Cruz County; he has been involved in three civil proceedings seeking to compel the county to permit him to operate an adult bookstore at the same location; and he operated an adult bookstore at this location without the required permits until enjoined from so doing.

The board concluded it was unlikely Kuhns would comply with the law and refrain from operating an adult bookstore if granted the permit. It further concluded operation of any type of bookstore by Kuhns would generate law enforcement problems requiring substantial costs in time and money to monitor and enforce compliance with the permit conditions.

The superior court granted Kuhns a peremptory writ of mandate setting aside the board of supervisor's decision and ordering the board to issue a permit subject to the conditions imposed by the zoning administrator. The court found the board's denial of the permit to be a prior restraint of free speech and thus an abuse of discretion. The court later clarified the phrase "substantial or significant portion of ... stock in trade" to mean not more than 20 percent of the store's stock in trade for sale to the public.

The board of supervisors claims the court erred in granting the writ because the denial of the permit was properly based on Kuhns' past behavior.

■   Although bookstores are not exempt from reasonable regulation, they are entitled to First Amendment protection (*Smith* v. *California* (1959) 361 U.S. 147, 150 [4 L.Ed.2d 205, 209, 80 S.Ct. 215]). ■ The denial of a permit to engage in a constitutionally protected activity is a total prior restraint, and as such comes to a court bearing a heavy presumption against its constitutional validity (*EWAP, Inc.* v. *City of Los Angeles* (1979) 97 Cal.App.3d 179, 185 [158 Cal.Rptr. 579]). A refusal to issue a permit to conduct a First Amendment related business based on the applicant's prior misconduct can only be sustained if there is a clear and present danger serious substantive evil would result from granting the license (*id.* at p. 185). *Perrine* v. *Municipal Court* (1971) 5 Cal.3d 656 [97 Cal.Rptr. 320, 488 P.2d 648] held an applicant's prior criminal conviction for selling and distributing obscene material does

not indicate such a danger, and the denial of a permit to operate a bookstore based on such a conviction is unconstitutional (*id.* at p. 665).

■ Accordingly, Kuhns' past conviction for distributing obscene materials is not a proper basis for denying a permit. Moreover, it is absurd to find Kuhns has forfeited his First Amendment rights because he attempted to assert those same rights in three civil suits. Hence, the board's denial of Kuhns' permit was an unconstitutional prior restraint of free speech and was properly set aside by the writ of mandate.

Kuhns appeals the constitutionality of the ordinance and the conditions attached to his permit. He contends: (1) the zoning ordinance is unconstitutional because it is a prior restraint of free speech and is vague; (2) the condition prohibiting the use of the name "Frenchy's" on the store's sign violates his right to free commercial speech; (3) the condition prohibiting all, motion pictures is unconstitutionally overbroad; and (4) the condition requiring the submission of sales receipts is a prior restraint of free speech.

Kuhns argues the ordinance is a prior restraint on free speech based upon content. This argument was rejected in *Young* v. *American Mini Theatres* (1976) 427 U.S. 50 [49 L.Ed.2d 310, 96 S.Ct. 2440], which involved an ordinance nearly identical to the Santa Cruz ordinance here (accord, *Walnut Properties, Inc.* v. *City Council* (1980) 100 Cal.App. 3d 1018 [161 Cal.Rptr. 411]).

Kuhns claims the phrase "distinguished or characterized by an emphasis on matter depicting [certain sexual acts or anatomical areas]" is qualitatively vague. However, we see no reason not to accept the narrowing interpretation of this phrase adopted in *Pringle* v. *City of Covina* (1981) 115 Cal.App.3d 151 [171 Cal.Rptr. 251]. He also argues the phrase "substantial or significant portion of its stock in trade" is quantitatively vague even in light of the court's clarification of the terms "substantial or significant portion" to mean 20 percent. ■ Kuhns says the court's 20 percent figure is arbitrary and the ordinance is unclear as to what "stock in trade for sale to the public" refers to.

The 20 percent figure can only be justified if it furthers the legitimate governmental interest for which the ordinance was enacted (*United States* v. *O'Brien* (1968) 391 U.S. 367, 377 [20 L.Ed.2d 672, 680, 88 S.Ct. 1673]; *Young* v. *American Mini Theatres, supra,* 427 U.S. 50, 79-80 [49 L.Ed.2d 310, 331-332]). The ordinance must be "ra-

tionally tailored to support its asserted purpose." (*Young* v. *American Mini Theatres, supra*, 427 U.S. 50, 83 [49 L.Ed.2d 310, 333-334], conc. opn. of Powell, J.) The trial court's choice of 20 percent was admittedly arbitrary, was an invasion of the legislative body's province and is invalid. While an ordinance will not be held void for uncertainty if any reasonable or practical construction can be given its language (*American Civil Liberties Union* v. *Board of Education* (1963) 59 Cal.2d 203, 218 [28 Cal.Rptr. 700, 379 P.2d 4]), the phrase "substantial or significant portion" lacks clarity. However, if over half of a bookstore's stock is "adult," the adult portion is both substantial and significant. If the board of supervisors intended to allow a lesser portion it behooves them to quantify the phrase and make findings showing their figure is consonant with the governmental interest being protected. Until such time, a preponderance of the store's stock in trade must be "adult" (as defined in the ordinance) in order for the store to be deemed an "adult book store" within the ambit of the zoning ordinance as written. (See *Pringle* v. *City of Covina* (1981) 115 Cal.App.3d 151, 162 [171 Cal.Rptr. 251].)

There is nothing cryptic in the phrase "stock in trade for sale to the public." No more than a "substantial or significant portion" of the books, magazines or other materials sold in the store may be adult as defined in the ordinance. This is most reasonably measured in terms of titles on display for sale (with nonidentical materials with the same "title" considered separate).

■ Kuhns contends he has a constitutional right to use the name "Frenchy's" on his sign. An onpremise business sign is protected both as a property right (*Serve Yourself Gas etc. Assn.* v. *Brock* (1952) 39 Cal.2d 813, 819 [249 P.2d 545]) and as a limited First Amendment free speech right (*Carlin* v. *City of Palm Springs* (1971) 14 Cal.App.3d 706, 713 [92 Cal.Rptr. 535]). The size, location, and other physical attributes of signs may be regulated in the interest of public safety and aesthetics (*id.* at p. 712). However, there is no authority which allows the prohibition of a nonoffensive name such as "Frenchy's" simply because the name may attract undesirable clientele. Such a condition is inconsistent with Kuhns' rights and cannot be imposed.

■ Kuhns argues the prohibition of all motion picture machines at the bookstore is unconstitutionally overbroad. The use of the police power to limit the location of adult movie and mini theaters for the purpose of protecting the character of neighborhoods is constitutional

(*Young* v. *American Mini Theatres, supra*, 427 U.S. 50, 71-72 [49 L.Ed.2d 310, 326-327]). However, prohibiting the use of motion picture machines goes beyond the police power purpose (see *Welton* v. *City of Los Angeles* (1976) 18 Cal.3d 497, 504 [134 Cal.Rptr. 668, 556 P.2d 1119]) because it precludes the presentation of nonadult motion pictures. As such the condition is overbroad. The condition should instead prohibit presentation of adult motion pictures to the extent required by the ordinance.

Kuhns contends the condition requiring the submission of sales receipts is unconstitutional. No legitimate purpose is served by requiring the submission of such records. The store is limited in the quantity of adult materials it may offer for sale to the public. It is unreasonable and unnecessary to require the sales receipts also conform to a strict percentage requirement. The condition is void as it is not in the furtherance of the police power purpose.

The integrity of the judicial process relates to the trial court's ability to enforce its orders. A practical method to assure compliance with the ordinance as interpreted is essential. This control should be exercised without impinging on Kuhns' First Amendment rights and without unduly interfering with his business interests. The manner of control remains an appropriate area of inquiry and solution for the trial court upon presentation of relevant evidence.

A permit for operating a general bookstore should be issued in accordance with this opinion.

The superior court shall modify the judgment to harmonize with this opinion. As modified, the judgment is affirmed.

Wiener, J., and Milkes, J.,* concurred.

A petition for a rehearing was denied February 24, 1982, and the opinion was modified to read as printed above.

---

*Assigned by the Chairperson of the Judicial Council.