[Civ. No. 26396. Fourth Dist., Div. One. Feb. 2, 1982.]

RICHARD A. CASTNER, Plaintiff and Appellant, v.
CITY OF OAKLAND et al., Defendants and Respondents.

**COUNSEL**

Burton C. Jacobson for Plaintiff and Appellant.

Jeffrey N. Haney, Acting City Attorney, for Defendants and Respondents.

**OPINION**

**MILKES, J.***—Richard A. Castner, plaintiff, appeals the superior court's denial of his request for a peremptory writ of mandate to compel the City of Oakland to grant him a conditional use permit for the operation of an "adult" bookstore.

---

*Assigned by the Chairperson of the Judicial Council.

Castner operates an adult bookstore with motion picture machines in the City of Oakland. The city passed an ordinance banning adult entertainment activity within 1,000 feet of a residential zone. Castner's bookstore is located less than 600 feet from a residential zone. As a nonconforming activity, Castner's bookstore needed to obtain a major conditional use permit to continue operation beyond the ordinance's one-year grace period. At the end of the grace period the Oakland Planning Commission denied Castner's application for a conditional use permit. This decision was affirmed by the Oakland City Council. Castner then filed a writ of mandate challenging the validity of the ordinance. The superior court denied his request for a peremptory writ.

The Oakland ordinance defines "adult entertainment activity" as: "Any commercial activity, whether conducted intermittently or full time, which primarily involves the sale, display, exhibition, or viewing of books, magazines, photographs or other materials, distinguished or characterized by an emphasis on matter depicting, describing, or relating to human sex acts, or by an emphasis on male or female genitals, buttocks, or female breasts."

Castner contends the ordinance is unconstitutional because it causes him to lose his vested right to operate an adult entertainment business which was in existence before the ordinance was enacted. ■ However, California cases have firmly held zoning legislation may validly provide for the eventual termination of nonconforming property uses without compensation if it provides a reasonable amortization period commensurate with the investment involved. (*National Advertising Co. v. County of Monterey* (1970) 1 Cal.3d 875, 878 [83 Cal.Rptr. 577, 464 P.2d 33]; *People v. Gates* (1974) 41 Cal.App.3d 590 [116 Cal. Rptr. 172]; *Livingston Rock etc. Co. v. County of L. A.* (1954) 43 Cal. 2d 121, 127 [272 P.2d 4]; *City of Los Angeles v. Gage* (1954) 127 Cal. App.2d 442, 454-460 [274 P.2d 34].)

Under the Oakland ordinance, all nonconforming adult entertainment establishments are allowed one year to terminate operation or conform to the law. In addition, those operations obligated by a written lease exceeding one year from the effective date of the ordinance, or whose activity involves investment of money in leasehold or improvements such that a longer period is necessary to prevent undue financial hardship, are eligible for up to two additional years grace period. Castner has the burden of establishing the unreasonableness of the amortization

period as applied to his vested right. (*United Business Com.* v. *City of San Diego* (1979) 91 Cal.App.3d 156, 181 [154 Cal.Rptr. 263].)

The Oakland City Council made the following findings regarding the bookstore in question: the business is less than 1,000 feet from a residential zone; Castner's lease expires within three months of the effective date of the ordinance; he operates three similar facilities, one of which is one block from the bookstore in question and conforms to the zoning ordinance; Castner has a total investment of $20,000 in the facility, half of which is inventory; and he has made no exterior improvement to the premises other than the addition of advertising signs to the exterior walls. Castner has offered no evidence to show the one-year amortization period is in any way unreasonable as applied to him. He has no investment in permanent improvements in the property. His lease expires during the one-year grace period. Moreover, the cost of removing the nonconforming materials is negligible due to the nature of the materials and the proximity of his other adult bookstore. We therefore find the amortization period to be reasonable.

In *Walnut Properties Inc.* v. *City Council* (1980) 100 Cal.App.3d 1018 [161 Cal.Rptr. 411], the court upheld a zoning ordinance of the City of Long Beach in regulating the licensing of motion picture theaters within the category of "adult entertainment business." The court opined, "It is clearly with the power of the City to provide that *no* motion picture theatre can be operated in a residential area or near a public school. The thrust of Justice Steven's opinion in *Young* was that it was also within the City's power to classify theatres according to the content of the films exhibited, so long as that classification has a reasonable basis. The 'adult entertainment' classification is a reasonable one." (*Id.* at p. 1023.)

In 1976, the United States Supreme Court, in *Young* v. *American Mini Theatres* (1976) 427 U.S. 50 [49 L.Ed.2d 310, 96 S.Ct. 2440], ruled that local government can zone adult entertainment establishments. Adult movie theatres and bookstores were zoned by the City of Detroit; defendants therein contended that zoning such theatres infringed on their First Amendment rights. The court ruled to the contrary, holding the zoning of adult theatres by local government is not proscribed by the First Amendment. The court stated, at pages 70-71 [49 L.Ed.2d at page 326]: "Moreover, even though we recognize that the First Amendment will not tolerate the total suppression of erotic materials that have some arguably artistic value, it is manifest that

society's interest in protecting this type of expression is of a wholly different, and lesser, magnitude than the interest in untrammeled political debate that inspired Voltaire's immortal comment.... Even though the First Amendment protects communication in this area from total suppression, we hold that the State may legitimately use the content of these materials as the basis for placing them in a different classification from other motion pictures...."

Like the City of Detroit, respondents enacted an ordinance prohibiting adult entertainment activities in close proximity to a residential zone or to another adult entertainment activity. Appellant argues that such a regulation is invalid as a prior restraint on freedom of speech. But the ordinances of Oakland and Detroit do not involve a total suppression of adult entertainment activities or even a limit on the number of such activities permitted within the city. Neither ordinance decreases public access to adult entertainment activities. They simply regulate the location of the business.

Castner also claims the definition of "adult entertainment activity" is overbroad and vague in that the ordinance is lacking as to any requirement of nudity. Here, where there is no uncertainty about the impact of the ordinance on Castner's activity,[1] we need address these issues only if in our judgment the ordinance causes persons not before us to refrain from engaging in constitutionally protected speech or expression (*Young* v. *American Mini Theaters, supra*, 427 U.S. 50, 60 [49 L.Ed.2d 310, 319-320]). Because here we are satisfied the ordinance has little or no effect upon legitimate expression, we decline to depart from traditional rules of standing to respond to Castner's argument. (See *Walnut Properties, Inc.* v. *City Council, supra*, 100 Cal.App.3d 1018.)

Appellant relies on *Schad* v. *Mt. Ephraim* (1981) 452 U.S. 61 [68 L.Ed.2d 671, 101 S.Ct. 2176], decided five years after *Young* for the proposition that zoning cannot be used to thwart constitutional protections under the First Amendment. In that case the ordinance prohibited all forms of live entertainment in the community. The court held an entertainment program may not be prohibited solely because it displays a nude human figure; nude dancing is not without its First Amendment protection from official regulation. If the Oakland ordinance before us

---

[1]Castner's counsel, with admirable candor both before the Oakland City Council and this court, conceded the bookstore was an adult entertainment activity as defined by the ordinance.

attempted by zoning to bar "adult" bookstores, we would scrutinize the ordinance from a different perspective; however, the ordinance bans only adult entertainment activity within 1,000 feet of a residential zone. Castner already operates three similar facilities, one of which is one block from the bookstore which is the subject of this appeal. Under these circumstances, we do not find the city's zoning regulations are calculated to choke free expression protected under the First Amendment.

The judgment is affirmed.

Brown (Gerald), P. J., and Wiener, J., concurred.