[Civ. No. 23290. Fourth Dist., Div. Two. Aug. 19, 1980.]

PHILIP L. ANTHONY et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Thomas F. Crosby, Jr., Michael I. Garey, William Marshall Morgan and Darryl L. Dmytriw for Petitioners.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, J. Richard Haden and Gary W. Schons, Deputy Attorneys General, for Real Party in Interest.

## OPINION

KAUFMAN, J.—The superior court granted in part and denied in part petitioners' Penal Code section 995 motions to set aside a multicount indictment charging petitioners, among others, with multiple violations of the Political Reform Act of 1974, including allegations of conspiracy to conceal the source of campaign funds, concealment of campaign funds, and perjury. The court also denied petitioners' motions to set aside the indictments on grounds that the Attorney General failed to disclose exculpatory evidence to the grand jury and that a prior appeal by the People from orders dismissing an earlier group of indictments charging substantially the same offenses constituted a bar to the reindictment of petitioners. Petitioners sought in this court a writ of mandate or prohibition to review these orders. This court denied the writ without opinion. The Supreme Court granted hearing and retransferred the matter to this court with instructions to issue an alternative writ. In obedience to the order of the Supreme Court this court issued an alternative writ of prohibition and an order staying proceedings in the trial court pending determination on the merits. Upon reexamination we again conclude that petitioners' contentions are not meritorious. Accordingly, we deny issuance of the peremptory writ. All statutory references will be to the Penal Code unless otherwise specified.

Somewhat simplified the facts are these. On July 1, 1977, the Grand Jury of Orange County returned a group of indictments that, collectively, charged petitioners and others with multiple violations of the Political Reform Act of 1974 (Gov. Code, tit. 9, ch. 4). Ultimately, the trial court determined that all of the evidence had not been heard by 12 grand jurors (see §§ 940, 939.7, 939.8) and, except as to one charge against petitioner Diedrich, granted petitioners' motions to set aside the indictments made on the ground that they were "not found, endorsed, and presented as prescribed in [the Penal Code]" (§ 995, subd. 1). Pursuant to section 1238, subdivision (a)(1), the People took a timely

appeal to this court.[1] In an unpublished opinion, the orders of the trial court were affirmed on January 19, 1979. (4 Crim. 9917.)

Thereafter, the Attorney General, prosecuting in place of the district attorney who was recused, filed a complaint charging petitioners with substantially the same offenses. The reinstituted proceedings became enmired in a controversy as to whether or not the People had the right to disqualify the magistrate by an affidavit of prejudice (Code Civ. Proc., § 170.6). Petitioners unsuccessfully petitioned the Orange County Superior Court for a writ of prohibition and subsequently appealed to this court. Ultimately the appeal was dismissed. In any event, on December 13, 1979, the Orange County Grand Jury returned the indictment that is the subject of these proceedings, charging petitioners with substantially the same offenses as those charged in the original group of indictments, and the proceedings by way of complaint were dismissed.

Petitioners responded to the new indictment with numerous motions, chief among which were motions to set aside the indictment on the ground that the evidence presented to the grand jury did not establish probable cause and indicated that the statute of limitations had run (§ 995, subd. 2); motions to dismiss on grounds that the prior appeal by the People from the orders setting aside the first group of indictments constituted an election of remedies by the People, barring further prosecution of the charges; motions to set aside the indictments on the ground that exculpatory evidence was withheld by the Attorney General from the grand jury (*Johnson v. Superior Court* (1975) 15 Cal.3d 248 [124 Cal.Rptr. 32, 539 P.2d 792]) and a motion for a postindictment preliminary hearing (*Hawkins v. Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916]). The court denied petitioners' motions to dismiss based on the prior appeal and their *Johnson* motions. It granted their section 995 motions with respect to a number of counts and denied them with respect to other counts. It also granted their motions for a postindictment preliminary hearing and ordered the indictment refiled as a complaint. The Attorney General complied, and the postindictment preliminary hearing had just commenced when we issued the alternative writ and stay pursuant to the Supreme Court's order.

Petitioners contend that the People's appeal from the orders granting their motions to set aside the original group of indictments pursuant to

---

[1]Section 1238, subdivision (a)(1): "An appeal may be taken by the people from any of the following: [¶] (1) An order setting aside the indictment, information, or complaint."

section 995, subdivision 1, constituted an election of remedies by the People barring their reindictment. Failing that, they contend that the indictment should be set aside in its entirety for lack of evidence establishing probable cause, because the charges are barred by the statute of limitations, for the failure of the Attorney General fully to instruct the grand jury with respect to the statute of limitations as it relates to conspiracies, because of the presentation by the Attorney General to the grand jury of inflammatory and prejudicial testimony, and for the failure of the Attorney General to present exculpatory evidence to the grand jury. The People contend that their prior appeal did not constitute an election of remedies barring reindictment of petitioners and that the issues raised by petitioners' contentions as to the insufficiency of the indictments are moot in view of the court's having granted their motions for a postindictment preliminary hearing. The People have also filed a motion to compel petitioners to elect between pressing their attack on the sufficiency of the indictment and proceeding with their postindictment preliminary hearing, pursuant to the decision of this court in *Martinez v. Superior Court* (1980) 106 Cal.App.3d 975 [165 Cal.Rptr. 267]. With respect to the People's motion, petitioners contend that it is too late to compel such an election and that the People waived their right to compel such an election by their failure to raise the matter in the trial court.

## Is Prosecution Barred by the People's Appeal?

■ Petitioners concede that the People have a statutory right to seek reindictment when the court has granted a motion to set aside an indictment under section 995. (Pen. Code, § 999a.) They also concede that the People are authorized by statute to appeal from an order granting a section 995 motion to set aside an indictment. (Pen. Code, § 1238, subd. (a)(1) [see fn. 1, *ante*].) They contend, however, that although both remedies are statutorily authorized, the People must elect between them and that if the People unsuccessfully pursue their remedy of appeal to final decision, further prosecution of the charges in the indictment is foreclosed.

Petitioners first contend that this result is indicated by the decision in *Anderson v. Superior Court* (1967) 66 Cal.2d 863 [59 Cal.Rptr. 426, 428 P.2d 290]. Petitioners misread *Anderson*. In that case the trial court granted the defendant's motion to set aside an indictment pursuant to section 995, subdivision 2, on the ground that the evidence failed to establish probable cause. The People appealed and, while the appeal

was pending, filed a complaint upon which a preliminary hearing was held, following which the defendant was held to answer. An information was filed; the defendant was arraigned; and the matter proceeded to trial. During voir dire of the jury a question was raised as to the court's jurisdiction to proceed while the appeal was pending, and the defendant sought a writ of prohibition.

In the prohibition proceeding the defendant contended that the People were required to elect between the alternatives of appealing from the dismissal of the indictment and filing a new information or indictment. (66 Cal.2d at p. 864.) The People contended that they should be able to pursue both remedies simultaneously. (66 Cal.2d at p. 865.) The court did not fully uphold the contention of either party. It held that the People were entitled to pursue both remedies but that, to foreclose the possibility of harassment of the defendant, "the People should elect as soon as feasible between maintaining the appeal or proceeding under the new accusatory pleading. At the latest, this election should occur either when the new accusatory pleading withstands a motion under section 995 or at the time of arraignment for plea, whichever first occurs. We thereby assure the People an opportunity to obtain a valid accusatory pleading on which to go to trial, yet also *guarantee that the defendant will not be called upon to defend an appeal and at the same time a trial on the basis of a second accusation, both resulting from the same alleged crime.*" (66 Cal.2d at p. 867; italics added.)

Thus, the question before the court was whether the People could appeal from a decision that the evidence was insufficient to establish probable cause and at the same time proceed to trial on the same charges on a new accusatory pleading. Not surprisingly, the answer was "no." The harassment of the defendant of which the court spoke was his having to defend against the charges at trial while simultaneously defending the appeal. The election was required because the People were attempting to proceed with both remedies simultaneously. (See *People* v. *Bogart* (1970) 7 Cal.App.3d 257, 264 [86 Cal.Rptr. 737].) The decision did not involve successive exercise by the People of their two statutory remedies, nor was that discussed.

Here, the People have not attempted to pursue both remedies simultaneously, and the problem of harassment of the accused that concerned the court in *Anderson* is not present. Although petitioners assert that prosecution of the charges has been unduly delayed by the People's earlier appeal, the record discloses that the exercise by petitioners of their

procedural rights has delayed trial of the charges about as long if not longer than the People's appeal. Moreover, in section 1238, subdivision (a)(1), the Legislature has specifically provided for an appeal by the People from an order setting aside an information or indictment. (See fn. 1, *ante*.) ■ The delicate balance between the need of the People for appellate review of an order setting aside the accusatory pleading and the delay in trial necessarily involved in such an appeal has been struck by the Legislature, and absent prejudice to the accused of constitutional proportions, the courts are not at liberty to strike a different balance. (See and cf. *People* v. *Drake* (1977) 19 Cal.3d 749, 758 [139 Cal.Rptr. 720, 566 P.2d 622].)

Cases such as *People* v. *Superior Court* (*Levy*) (1976) 18 Cal.3d 248 [133 Cal.Rptr. 624, 555 P.2d 633], and *People* v. *Drake, supra*, 19 Cal.3d 749, are of no assistance to petitioners' cause. They involved the question of the People's right to review by extraordinary writ in situations in which the People *had no statutory right to appeal*. Neither are *People* v. *Superior Court* (*Howard*) (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138], *People* v. *Jordan* (1978) 86 Cal.App.3d 529 [150 Cal.Rptr. 334], or *People* v. *Dewberry* (1974) 40 Cal.App.3d 175 [114 Cal.Rptr. 815], helpful to petitioners, for they all involved appeals by the People under section 1238, subdivision (a)(8), as to which it is expressly provided by the statute that an unsuccessful People's appeal bars refiling or reindictment (§ 1238, subd. (b)).

We note also a further distinction between *Anderson* and the case at bench, potentially of substantial significance. In *Anderson* the indictment was set aside under subdivision 2 of section 995 on the ground that the identification evidence was insufficient to establish probable cause. Trial on the new accusatory pleading would have rendered the People's appeal moot. ■ In the case at bench the original group of indictments was set aside under subdivision 1 of section 995 on the technical ground that they were "not found, endorsed, and presented as prescribed in [the Penal Code]" inasmuch as all of the evidence had not been heard by 12 grand jurors. Thus, the appeal from the order setting aside the original group of indictments did not relate to the "merits," the sufficiency of the evidence to establish probable cause, but only to the technical issue whether the indictment was duly presented and the several legal questions involved.

We conclude that the *Anderson* decision neither indicates nor compels the conclusion that the People's appeal from the order setting aside

the original group of indictments forecloses further prosecution of the charges set forth in those indictments.

Next, petitioners urge that a proper interpretation of Penal Code section 1238 compels adoption of the election-of-remedies rule they espouse. They point to subdivision (b) of section 1238 which reads: "If, pursuant to paragraph (8) of subdivision (a), the people prosecute an appeal to decision, or any review of such decision, it shall be binding upon them and they shall be prohibited from refiling the case which was appealed." Paragraph (8) of subdivision (a) of section 1238 provides for an appeal by the People from "[a]n order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

Petitioners argue that in amending section 1238 to the quoted provisions in 1968 (Stats. 1968, ch. 532), the Legislature expressly incorporated in subdivision (b) the election of remedies dictated by the *Anderson* decision with respect to appeals authorized by paragraph (8) of subdivision (a). They surmise that the Legislature did not similarly so provide with respect to appeals under paragraph (1) (see fn. 1, *ante*) because it was aware of the holding in *Anderson* requiring an election of remedies in the case of appeals from an order setting aside an indictment or information. These arguments are devoid of merit.

First, as already explained, *Anderson* did not hold that the People must elect between appealing and refiling generally, only that the People cannot proceed with both remedies simultaneously past the point where the sufficiency of the new accusatory pleading has been established or acknowledged. Thus the Legislature, had it meant to compel an election with respect to section 1238, subdivision (a)(1) appeals, could not have relied on *Anderson* as dictating such an election.

Secondly, petitioners' argument ignores several of the most fundamental canons of statutory construction. ■ Every word, phrase and provision in a statute must be given meaning and effect (*J. R. Norton Co.* v. *Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 36 [160 Cal.Rptr. 710, 603 P.2d 1306]; *Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 233 [273 P.2d 5]), and when the Legislature has used different language in several provisions, it is presumed that it did so advertently and intended a difference in meaning. (*People* v. *Ector* (1965) 231 Cal.App.2d 619, 625 [42 Cal.Rptr.388] [disapproved on other grounds in *People* v. *Cruz* (1974) 12 Cal.3d 562, 566 (116 Cal.Rptr.

242, 526 P.2d 250)]; cf. *Clements* v. *T. R. Bechtel Co., supra*, 43 Cal.2d at p. 232.) Similarly, ""'[w]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject...is significant to show that a different intention existed."''" (*People* v. *Drake, supra*, 19 Cal.3d at p. 755.)

■ The fact that the Legislature has specifically provided that an unsuccessful section 1238, subdivision (a)(8) appeal is binding on the People and precludes reprosecution and has not so provided with respect to section 1238, subdivision (a)(1) appeals is an overwhelming indication that the Legislature did not intend a section 1238, subdivision (a)(1) appeal to constitute an election of remedies.

■ Next petitioners urge, in substance, that the order setting aside the original group of indictments might as well have been appealed by the People under section 1238, subdivision (a)(8) as subdivision (a)(1); that, in reality, there is no substantial difference between the orders made appealable by paragraphs (1) and (8) and that unless the preclusive effect of subdivision (b) is applied to subdivision (a)(1) as well as (a)(8), an invidious discrimination results, violating petitioners' right to equal protection of laws. Not so.

Prior to the amendment of section 1238 to add paragraph (8) to subdivision (a) in 1968, it was uniformly held that the People had no right of appeal from an order of the trial court dismissing a prosecution, for example, under Penal Code section 1385.[2] (See *People* v. *Superior Court (Howard), supra*, 69 Cal.2d at pp. 497-499; *People* v. *Valenti* (1957) 49 Cal.2d 199, 207 [disapproved on other grounds in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 (25 Cal.Rptr. 697, 375 P.2d 641)].) By contrast, since 1897 the People have had the express statutory right to appeal from an order setting aside an information or indictment. (Stats. 1897, ch. 135.) It is most probable that paragraph (8) was added to subdivision (a) to permit the People to appeal from section 1385 dismissals and the like by the trial court, and the decisions have uniformly indicated that appeals by the People from orders setting aside an indictment or information are taken under subdivision (a)(1), whereas

---

[2]Penal Code section 1385 reads: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

appeals from orders dismissing a criminal action are taken pursuant to subdivision (a)(8) (see *People* v. *Valenti, supra,* 49 Cal.2d at pp. 204-205; *People* v. *Hernandez* (1979) 90 Cal.App.3d 309, 311, 316, fns. 3 and 11 [155 Cal.Rptr. 1]; see also *People* v. *Superior Court* (*Howard*), *supra,* 69 Cal.2d at p. 498).

Contrary to petitioners' assertion, there is a material difference between an order setting aside an information or indictment and an order dismissing or otherwise terminating a criminal action. Technically, an order setting aside an information does not "terminate" the action. In this case, in fact, one charge against petitioner Diedrich was left standing by the order. Moreover, such orders differ in cause, nature and effect. As the Supreme Court noted in commenting on a particular dismissal pursuant to section 1385: "The effect of the order *was not merely to set aside the information; it was to dismiss the action in the midst of trial.*" (*People* v. *Valenti, supra,* 49 Cal.2d at p. 204, orig. italics; see also *People* v. *Drake, supra,* 19 Cal.3d at p. 757.) The trial court exercises an entirely different authority in dismissing an action under section 1385 than in setting aside an information or indictment under section 995. In *People* v. *Superior Court* (*Howard*), *supra,* 69 Cal.2d at page 499, the court quoted from the *Valenti* decision (49 Cal.2d at p. 208) as follows: ""'The power under which the order was made [section 1385] is substantially the same as that held by the attorney-general in England, and by the prosecuting officer in many of the American states, to enter a *nolle prosequi.* The court, for the purposes of the order of dismissal, takes charge of the prosecution, and acts for the people. . . .""'"

These distinctions provide a rational basis for the difference in treatment accorded section 1238, subdivision (a)(1) and 1238, subdivision (a)(8) appeals, and the difference in treatment does not violate petitioners' right to equal protection of laws.

We conclude that the superior court acted with propriety in denying petitioners' motions to dismiss on the ground that their reindictment was barred by the People's earlier appeal.

### Petitioners' Other Attacks on the Indictment

■ We have concluded that it is unnecessary and would be improvident to consider and attempt to resolve petitioners' other attacks on the

indictment—insufficiency of the evidence to establish probable cause, failure of the Attorney General to instruct fully with respect to the statute of limitations, presentation to the grand jury of inflammatory and prejudicial testimony, and the alleged failure of the Attorney General to present exculpatory evidence to the grand jury.[3] Petitioners' motion for a postindictment preliminary hearing was granted and the indictment was ordered refiled as a complaint, thus activating the procedures set forth in Penal Code section 859 et seq. (See *Hawkins* v. *Superior Court, supra*, 22 Cal.3d at p. 594.) The postindictment preliminary hearing has actually commenced. Upon termination of the stay order issued by this court, the preliminary hearing will proceed. At its conclusion petitioners will either be held to answer or not. If they are, or if either of them is, an information will be filed based on the evidence adduced at the preliminary hearing. The indictment is, therefore, *functus officio* (*Martinez* v. *Superior Court, supra*, 106 Cal.App.3d at pp. 978-979), and the issues raised by petitioners' various attacks on the indictment are moot. Hereafter the nature and sufficiency of the evidence will be determined with reference to the evidence produced at the preliminary hearing, not that presented to the grand jury. Petitioners will have the right to participate fully in the preliminary hearing and can see that all exculpatory evidence is presented. The preliminary hearing will be heard by a magistrate, so there is no possibility of any problem with respect to instructions.

Petitioners argue that if the indictment is, indeed, *functus officio* any new accusatory pleading will be barred by the statute of limitations. Not so. Apparently petitioners misapprehend the expression "*functus officio.*" It does not mean that the indictment is void *ab initio* or even void; it simply means that the indictment has served its purpose. As the court in *Hawkins* was careful to make clear, it did not in that decision attempt to abrogate the commencement of criminal prosecutions by indictment; indictment remains a viable means of commencing a criminal prosecution (22 Cal.3d at p. 593). ■ The finding of an indictment (see § 803) tolls the further running of the statute of limitations, and when a postindictment preliminary hearing results in the accused being held to answer, the prosecution must be said to have commenced when the indictment was found for purposes of the statute of limitations. (See *Hawkins* v. *Superior Court, supra*, 22 Cal.3d at p. 604, conc. opn. of

---

[3]Possibly the claim that the statute of limitations had run might be excepted, but the trial court's determination that it had not is legally correct and amply supported by the evidence.

Mosk, J.) Otherwise it would be within the power of the accused to alter the date the running of the statute of limitations was tolled simply by requesting a postindictment preliminary hearing pursuant to *Hawkins.*

### Disposition

■ The foregoing conclusions render it unnecessary to rule on the People's motion to compel petitioners to elect between pressing their attack on the indictment and completing the postindictment preliminary hearing. Accordingly, the motion is dismissed. The petition for writ of prohibition or mandate is denied. The alternative writ heretofore issued is discharged, and the stay order heretofore made is vacated.

Gardner, P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied September 8, 1980, and petitioners' application for a hearing by the Supreme Court was denied October 29, 1980. Bird, C. J., Mosk, J., and Newman, J., were of the opinion that the application should be granted.