Filed 2/6/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B296587 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA119584) |
| v. | |
| LUIS TORRES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Appeal dismissed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

After his direct appeal had concluded, Luis Torres filed a motion in the trial court to modify his sentence by reducing his restitution fine based on his inability to pay it. The trial court denied the motion, and Torres appealed. The Attorney General argues that the order is nonappealable because the trial court did not have jurisdiction to grant the motion. Torres replies that the court had jurisdiction under Penal Code section 1237.2,[1] which provides that "[t]he trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction." We hold that this provision, which was enacted to allow trial courts to correct errors in fines and assessments notwithstanding a pending direct appeal, does not apply after the defendant's direct appeal has concluded. Because Torres's motion to modify his sentence was filed after the conclusion of his direct appeal and there was no other basis for trial court jurisdiction over Torres's motion, the order denying his motion is nonappealable. We therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, a jury convicted Torres of first degree murder and found true certain gang and firearm enhancements. The court sentenced him to 75 years to life in prison and ordered him to pay $70 in court assessments and a $10,000 restitution fine. This court affirmed the judgment as to Torres in an unpublished opinion. (*People v. Jones* (Oct. 28, 2016, B254370).) Torres did not challenge, and we did not address,

---

[1] Subsequent statutory references are to the Penal Code.

2

the assessments or restitution fine.  Our remittitur issued in January 2017.

In November 2018, Torres filed a motion in the superior court for modification of the restitution fine on the ground that the court imposed the fine without determining whether he had the ability to pay it.  He sought a reduction of the fine to $200.

The court denied the motion without stating its reasons.  Torres filed a notice of appeal.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), he contends that the imposition of a $10,000 restitution fine in this case was "based upon the erroneous assumption that he could pay his fine out of his future wages while incarcerated."

The Attorney General argues that this appeal must be dismissed because the trial court did not have jurisdiction to grant Torres's motion and, therefore, the order denying the motion is nonappealable.  Torres contends that the order is appealable because the trial court had jurisdiction over his motion pursuant to section 1237.2.  We disagree with Torres and dismiss the appeal.

## DISCUSSION

Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)  If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.  (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 (*Turrin*); *People v. Chlad* (1992) 6 Cal.App.4th, 1719, 1725–1726; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

3

Here, the execution of Torres's sentence began before he filed the motion that is the subject of this appeal.  Unless an exception to the general rule applies, the trial court did not have jurisdiction to rule on his motion and the appeal must be dismissed.

There are exceptions to the general rule.  A court may recall a sentence and resentence a defendant under certain circumstances within 120 days of the defendant's custody commitment.  (§ 1170, subd. (d)(1).)  Resentencing is also authorized under the circumstances specified in sections 1170.126, 1170.18, and 1170.95.  Courts may correct computational and clerical errors at any time.  (*Turrin*, *supra*, 176 Cal.App.4th at p. 1205.)  Unauthorized sentences and " ' "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings" ' " are correctable at any time.  (*Ibid*.; see *People v. Picklesimer* (2010) 48 Cal.4th 330, 338.)  Torres's claim under *Dueñas*, which is based upon factual arguments concerning his ability to pay, does not fall within any of these exceptions.  (See *Turrin*, *supra*, 176 Cal.App.4th at pp. 1205–1206.)  Torres does not contend otherwise.

Torres argues that the trial court had jurisdiction to rule on his motion based on language in section 1237.2.  That section, enacted in 2015, provides:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court

retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."  (Stats. 2015, ch. 194, § 3, pp. 2000–2001.)

Torres contends that the second sentence of the statute— "[t]he trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines"—provided the trial court with jurisdiction to rule on his motion.  (§ 1237.2.)  Torres is challenging the imposition of his restitution fine, and he filed his motion "after a notice of appeal ha[d] been filed."  Therefore, he concludes, the court had jurisdiction to correct the alleged error.  We disagree.

In interpreting a statute, " ' "our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose." [Citations.]  "We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent." ' " (*Fluor Corp. v. Superior Court* (2015) 61 Cal.4th 1175, 1198.) "If our examination of the statutory language leaves doubt about its meaning, we may consult other evidence of the Legislature's intent, such as the history and background of the measure." (*People v. Birkett* (1999) 21 Cal.4th 226, 231–232.)

Reading the statutory language in its context, section 1237.2 generally precludes an appeal from a judgment of conviction when the appellant's only issue on appeal is the

5

imposition or calculation of fines, penalty assessments, surcharges, fees, or costs, unless the appellant had first raised the issue in the trial court at the time of sentencing or, if the appellant did not discover the error until after sentencing, the appellant "first makes a motion for correction in the trial court." (§ 1237.2.)  Although the filing of a notice of appeal ordinarily divests the trial court of jurisdiction over the case (*People v. Flores* (2003) 30 Cal.4th 1059, 1064; *Anderson v. Superior Court* (1967) 66 Cal.2d 863, 865) and would thus preclude a motion for correction in the trial court, the statute's second sentence removes this impediment by providing that "[t]he trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction."  (§ 1237.2.)  Thus, a defendant who discovers an applicable error after he or she files a notice of appeal from the judgment of conviction must (if no other error is asserted on appeal) file a motion to correct the error in the trial court; and, under these circumstances, the trial court shall have the power to rule on such a motion.

A primary impetus for section 1237.2 was judicial economy. As the Judicial Council—the law's sponsor—advised the Legislature, the law will reduce " 'the burdens associated with formal appeals and resentencing proceedings stemming from a common sentencing error.  By requiring that this sentencing error first be raised in the trial court, which has ready access to the court records and other information necessary to review and resolve such issues, this proposal would promote judicial economies and efficiencies by avoiding the costs and burdens associated with a formal appeal.' "  (Assem. Com. on Public

6

Safety, Analysis of Assem. Bill. No. 249 (2015–2016 Reg. Sess.) Mar. 17, 2015, p. 5; Sen. Com. on Public Safety, Analysis of Assem. Bill. No. 249 (2015–2016 Reg. Sess.) June 9, 2015, p. 3; see *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1142 [underpinning section 1237.2 is "the legislative intent of preserving judicial resources and avoiding appellate review of ministerial acts"].)

The second sentence of section 1237.2 was not in the original draft of the bill.  (Assem. Bill No. 249 (2015–2016 Reg. Sess.) § 2, as introduced Feb. 9, 2015.)  That sentence, which provides for trial court "jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines . . . upon the defendant's request for correction," was added to address a concern raised by the California Public Defenders Association (CPDA).  The CPDA pointed out that the trial court loses jurisdiction over a case once the notice of appeal is filed, and explained that a defendant who belatedly discovers an erroneous fine could be left without a remedy if he or she is precluded under the proposed law from challenging the fine on appeal (for failing to raise it in the trial court) and precluded from correcting the error in the trial court because that court had lost jurisdiction over the case.  (Assem. Com. on Public Safety, Analysis of Assem. Bill. No. 249 (2015–2016 Reg. Sess.) Mar. 17, 2015, p. 5.)  The CPDA informed the legislators that its concern would be addressed by adding the language that was eventually included as the second sentence in section 1237.2.  (Assem. Com. on Public Safety, Analysis of Assem. Bill. No. 249 (2015–2016 Reg. Sess.) Mar. 17, 2015, p. 5; see Assem. Amend. to Assem. Bill No. 249 (2015–2016 Reg. Sess.) § 2, Apr. 8, 2015.)

7

The legislative history thus reveals that a primary purpose of section 1237.2 is to encourage and facilitate the prompt and efficient resolution in the trial court of challenges to fines, assessments, and fees that would otherwise be asserted on direct appeal; and the statute's second sentence furthers that purpose by giving trial courts the power to resolve such challenges notwithstanding the pending appeal.  That purpose is not served by extending the trial court's jurisdiction to motions made after the conclusion of the direct appeal.

An interpretation of the jurisdictional provision that limits its application to the time during which a direct appeal is pending is further supported by the third sentence of section 1237.2.  That sentence provides that the "section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."  (§ 1237.2.)  The use of the present tense— "are," not "were"—points to a *pending*, not a prior, appeal. The statute, including its grant of trial court jurisdiction, thus applies when the issue described in the third sentence is the sole issue in a pending appeal.  Moreover, the "appeal" referred to in the third sentence is presumably the same appeal referred to in the first sentence—an "appeal" from "a judgment of conviction." Because the third sentence thus limits the statute's application to pending direct appeals, the jurisdiction created by the second sentence exists only during the pendency of the direct appeal. Here, Torres's motion to the trial court was not made during the pendency of any appeal and long after his direct appeal was complete.

Torres relies on *People v. Hall* (2019) 39 Cal.App.5th 502 (*Hall*).  In that case, the defendant asserted on direct appeal

8

that certain fees and an assessment must be reversed, and that a restitution fine be stayed, pursuant to *Dueñas*. The defendant did not challenge the fees, assessments, or fine in the trial court "either at the time of sentencing or after, as required by section 1237.2." (*Hall*, *supra*, 39 Cal.App.5th at p. 504.) The defendant argued that she did not have to raise the contention earlier because her *Dueñas* claim is based upon "a violation of her constitutional rights, not a miscalculation of the fees." (*Ibid.*) The Court of Appeal rejected the argument because section 1237.2 applies broadly to errors in the *imposition* of fees, as well as their calculation. (*Hall*, *supra*, 39 Cal.App.5th at p. 504.) The court then stated the language Torres relies upon: "Section 1237.2 applies any time a defendant claims the trial court wrongly imposed fines, penalty assessments, surcharges, fees, or costs without having first presented the claim in the trial court, and by the terms of the statute, the trial court retains jurisdiction pending appeal to correct any error." (*Hall*, *supra*, 39 Cal.App.5th at p. 504.)

The words "any time" arguably suggest that one may raise a *Dueñas* claim even though, as in Torres's case, the defendant's direct appeal has been concluded and the judgment has long been final. Viewed in its context, however, the court's "any time" phrase does not refer to an open-ended time for asserting a *Dueñas* claim, but rather to the aspect of section 1237.2 that generally bars an appeal "any time" a defendant challenges fines, fees, and assessments without first presenting the claim in the trial court. To the extent *Hall*'s "any time" phrase suggests otherwise, the suggestion is negated by the court's statement in the same sentence that "the trial court retains jurisdiction pending appeal to correct any error." (*Hall*, *supra*,

9

39 Cal.App.5th at p. 504.)  The *Hall* court thus recognized that the trial court jurisdiction created by section 1237.2 is jurisdiction that exists "*pending* appeal." (*Hall*, *supra*, 39 Cal.App.5th at p. 504, italics added.)  Torres's motion to correct his sentence was not made in the trial court while his appeal was pending.

For the reasons discussed, we reject Torres's interpretation of section 1237.2 and hold that the jurisdiction created by that statute does not extend beyond the pendency of a defendant's direct appeal from his or her judgment of conviction.  Because Torres's motion to correct his sentence was made after his direct appeal had concluded, section 1237.2 did not give the trial court jurisdiction to grant the motion.  Because no other jurisdictional basis applies, the order denying the motion was nonappealable, and the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

CERTIFIED FOR PUBLICATION.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



WEINGART, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11