Filed 8/24/20  P. v. Thomas CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DEMONTE ANTONE THOMAS,<br><br>　　　Defendant and Appellant. | B299481<br><br>(Los Angeles County<br>Super. Ct. No. MA066546) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Dismissed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Chung L. Mar and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Demonte Antone Thomas appeals from a postjudgment order denying his motion to reduce his fines and assessments, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[1]  We conclude that the trial court did not have jurisdiction to consider the motion and therefore dismiss the appeal.

# II. BACKGROUND

A.     *Underlying Criminal Proceedings*

The underlying facts in this case were discussed in a prior appeal.  (*People v. Thomas* (B287376, Feb. 19, 2019) [nonpub. opn.].)  We summarize the relevant facts as follows:  A jury convicted defendant of first degree murder (Pen. Code,[2] § 187, subd. (a)) and found that he personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)).  On January 5, 2018, the trial court sentenced defendant to 50 years to life in state prison.  The trial court also imposed:  a $10,000 restitution fine (§ 1202.4, subd. (b)); a parole revocation restitution fine of $10,000, which was

---

[1]     There is a split of authority regarding *Dueñas* and whether it was correctly decided.  (See *People v. Belloso* (2019) 42 Cal.App.5th 647, 649.)  Our Supreme Court has granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, reviewed granted November 13, 2019, S257844, to resolve this issue.

[2]     Further statutory references are to the Penal Code unless otherwise indicated.

stayed until parole was revoked (§ 1202.45); a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)); and a $40 court facilities assessment (§ 1465.8).

Defendant appealed, arguing that his trial counsel was ineffective for failing to request a jury instruction. Defendant did not assert an inability to pay the fines and assessments. On February 19, 2019, we affirmed the conviction. (*People v. Thomas, supra*, B287376.)

On March 23, 2019, defendant submitted a letter to the trial court challenging the fines and assessments pursuant to section 1237.2. Defendant requested that the court reduce the restitution fine to $300 and stay its imposition pending an ability to pay hearing. He also requested that the court strike the assessments. On April 26, 2019, the remittitur issued.

B.   *Ability to Pay Proceedings*

On April 9, 2019, the trial court appointed the Los Angeles County Public Defender's Office to represent defendant and set the matter for a hearing. On May 13, 2019, the court ordered the court's financial evaluator to produce a report on defendant's financial status.

On June 24, 2019, after the trial court heard argument on the issue and considered the financial evaluator's report, the court denied defendant's motion. Defendant timely appealed.

## III. DISCUSSION

Defendant submitted his letter requesting a reduction in his fines and assessments while his appeal was pending. "[T]he

general rule [is] that an appeal from an order [or judgment] in a criminal case removes the subject matter of that order [or judgment] from the jurisdiction of the trial court." (*Anderson v. Superior Court of Solano County* (1967) 66 Cal.2d 863, 865.) Notwithstanding this general rule, defendant contends that "by the terms of section 1237.2, the trial court had concurrent jurisdiction with the court of appeal to address th[is] issue[,]" even after defendant filed his notice of appeal. Section 1237.2 provides, in full: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

Defendant interprets the language limiting the application of section 1237.2 to those "cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal" to "mean that the requirement of filing a motion as a prerequisite to raising the issue on appeal only exists if no other issues for appeal are raised." This is an unreasonable interpretation of section 1237.2, which plainly states that "[t]*his section* only applies in cases where the

4

erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (Italics added.) It does not state that the motion portion of section 1237.2 only applies to appeals solely concerning the imposition of fines and fees. (*Fluor Corp. v. Superior Court* (2015) 61 Cal.4th 1175, 1198 [in interpreting a statute, ""[w]e begin with the plain language of the statute""].) We agree with the holding of *People v. Jenkins* (2019) 40 Cal.App.5th 30, 39, that because the defendant's appeal was not limited to a challenge of the imposition or calculation of fines, assessments, and fees, the trial court lacked jurisdiction to consider defendant's motion.

That the remittitur issued before the trial court ruled on defendant's motion does not change our analysis. "[T]he essence of remittitur is the returning or revesting of jurisdiction in an inferior court by a reviewing court." (*Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1, 10.) "Once we finally resolve a criminal appeal, and after the time has passed for the Supreme Court to grant review, we issue a remittitur to remit the appellate court judgment to the trial court, to divest the appellate court of further jurisdiction, and to transfer jurisdiction back to the trial court. (Cal. Rules of Court, rule 8.272.) 'Remittitur transfers jurisdiction back to the inferior court so that it may act upon the case again, consistent with the judgment of the reviewing court.'" (*People v. Awad* (2015) 238 Cal.App.4th 215, 223.) But the jurisdiction of the court to which a matter is returned "is contained in its remittitur." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701.) Our Supreme Court has stated: "When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The

trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void. [Citations.]" (*Hampton v. Superior Court of Los Angeles County* (1952) 38 Cal.2d 652, 655.)

Here, the remittitur indicated that the opinion, which affirmed the judgment of conviction, was final. Accordingly, the trial court was only empowered to enforce the judgment. (§ 1263 ["If a judgment against the defendant is affirmed, the original judgment must be enforced"].) Because the trial court did not have jurisdiction to rule on defendant's motion to reduce his fines and assessments, the order denying the motion is nonappealable, and the appeal from that order must be dismissed. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)

## IV.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                                    KIM, J.


We concur:



    BAKER, Acting P. J.



    MOOR, J.

7