Filed 3/9/23  P. v. Ortega CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096286 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F07509) |
| v. | |
| VICTOR ANTHONY ORTEGA, | |
| Defendant and Appellant. | |

Defendant Victor Anthony Ortega appeals from the trial court's postconviction order dismissing his request for a second hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), which the trial court found it lacked jurisdiction to address given defendant's pending appeal of the court's order entered at his first *Franklin* hearing.  Defendant's appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979)

1

25 Cal.3d 436 (*Wende*). Counsel informed defendant of his right to file a supplemental brief, and he has not filed one.

Although this is not defendant's first appeal as of right, given the notice provided to defendant and in the interest of judicial economy, we exercise our discretion to independently review the record. We find no arguable error that would result in a disposition more favorable to defendant and affirm.

## FACTS AND HISTORY OF THE PROCEEDINGS

During a fight with the victim and another, defendant shot and killed the victim. (*People v. Ortega* (Apr. 10, 2012, C065027 [nonpub. opn.].).)[1] In 2010, a jury found defendant guilty of first degree murder and found true the allegation he personally and intentionally discharged a firearm causing death or injury. (*Ibid.*) He received 50 years to life in state prison, (*ibid.*) and we affirmed the judgment on appeal. (*Ibid.*)

Over the years, defendant has challenged the judgment, or various aspects of it, multiple times. (*People v. Ortega* (June 28, 2022, C095041 [nonpub. opn.].).)[2] Most recently, defendant appealed the trial court's order entered at his October 2021 *Franklin* hearing denying him the right to self-representation under *Faretta v. California* (1975) 422 U.S. 806. (*Ibid.*) He also argued on appeal that his trial counsel was ineffective for failing to include a psychological report in the *Franklin* packet counsel prepared for the hearing. (*People v. Ortega*, *supra*, C095041.) In June 2022, this court rejected both claims and affirmed the trial court's orders entered at the *Franklin* hearing. (*Ibid.*)

In April 2022, while defendant's appeal was pending in case No. C095041, defendant filed a request in the trial court for a second *Franklin* hearing, raising the same

---

[1] We treated defense counsel's request for judicial notice of the record in case No. C065027 as a request to incorporate by reference and granted it as such.

[2] We treat defense counsel's request for judicial notice of the record in case No. C095041 as a request to incorporate by reference and grant it as such.

arguments that he raised in his pending appeal.  The trial court dismissed defendant's request without ruling on the merits after finding that it lacked jurisdiction to consider the request given defendant's pending appeal.  Defendant timely appealed the dismissal order.

## DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous."  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221 (*Delgadillo*).)  The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution."  (*Ibid.*)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a Penal Code section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-225.)  The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order.  (*Id*. at pp. 229-232.)  Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice to defendant referenced *Wende* but did not indicate that his appeal might be dismissed as abandoned if he did not file a supplemental brief.  (*Id.* at pp. 222, 233.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under Penal Code section 1172.6 (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different

3

considerations"]), which is not the type of postconviction order at issue here, the same principles may nonetheless apply given that this is not defendant's first appeal as of right. However, we need not decide whether *Delgadillo* in fact governs review of the instant order because, like the Supreme Court, we shall exercise our discretion to conduct an independent review of the record given that the notice to defendant did not advise him that his appeal might be dismissed as abandoned if he did not file a supplemental brief.

Our review of the record reveals no arguable issues. It is well-settled that an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [until issuance of the remittitur, a lower court lacks jurisdiction over the subject matter of the order or judgment on appeal]; *Anderson v. Superior Court of Solano County* (1967) 66 Cal.2d 863, 865 [same].) " 'Pending the appeal the superior court has no jurisdiction to vacate the judgment or make any order affecting it.' " (*People v. Sonoqui* (1934) 1 Cal.2d 364, 366.)

Here, the trial court properly recognized that at the time defendant filed his request for a second *Franklin* hearing, it lacked jurisdiction to address the request because it raised the same issues that were pending before this court in defendant's appeal of the order from his first *Franklin* hearing. (See e.g., *People v. Ortega*, *supra*, C095041.) The trial court therefore properly dismissed defendant's request for a second *Franklin* hearing without considering the merits of his request.

4

DISPOSITION

The trial court's order dismissing defendant's request for a second *Franklin* hearing is affirmed.

HULL, Acting P. J.

We concur:

MAURO, J.

RENNER, J.

5