Filed 10/24/24  P. v. Armendariz CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082566 |
| v. | (Super.Ct.No. INF1601092) |
| JOSE ANTONIO ARMENDARIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

1

The trial court denied Jose Antonio Armendariz's petition seeking resentencing on his murder conviction. This was erroneous because, at the time, the court lacked jurisdiction to rule on the merits of the petition because Armendariz's direct appeal from that conviction was pending before our Supreme Court. The trial court should have acted on the petition without ruling on its merits by either dismissing or staying activity on it. That said, the direct appeal has now ended, and the remittitur issued. We return this case to the trial court for it to act on the merits of Armendariz's petition.

BACKGROUND

In 2019 a jury convicted Armendariz of first degree murder (Pen. Code[1], § 187, subd. (a)) after he pleaded guilty to being a felon in possession of a firearm. (§ 29800, subd. (a)). The jury also found true multiple enhancements, including a gang enhancement (§ 186.22, subd. (b)(1)(C)), and multiple firearm enhancements (§ 12022.53, subds. (c)-(e)).

On appeal, we vacated various enhancements and additional sentences for prior prison terms, and remanded for Armendariz to be resentenced. (*People v. Lopez* (Nov. 3, 2022, E073016) [nonpub. opn.] (*Lopez*).) The California Supreme Court granted the People's petition for review on February 1, 2023.

Meanwhile, in February 2022, Armendariz petitioned for resentencing under what is now section 1172.6. The court denied the petition without prejudice, saying, "I don't have jurisdiction. It's on direct appeal."

---

[1] Unlabeled statutory citations refer to the Penal Code.

2

In August 2023 Armendariz filed another section 1172.6 petition. At the hearing, Armendariz's counsel stated, "I have confirmed that the jury had to have made a finding that [Armendariz] had the intent to kill. I'll submit." The prosecution told the court—incorrectly—that Armendariz's appeal was final and requested the court "deny the petition with prejudice." The court ended the hearing by stating "[a]ll right. Denied." The minute order stated the petition was "denied with prejudice."

In March 2024 the Supreme Court dismissed the pending direct appeal. (*Lopez*, *supra*, E073016, review granted Feb. 1, 2023, S277304, dismissed and remanded Mar. 27, 2024.) The remittitur issued from our court the next day on March 28, 2024.

DISCUSSION

Armendariz argues the trial court lacked jurisdiction to rule on the merits of his August 2023 section 1172.6 petition because his case was pending on direct appeal. We agree and therefore reverse.[2]

" ' "[T]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur" [citation] and deprives the trial court of jurisdiction to make any order affecting the judgment [citation].' " (*People v. Wagner* (2009) 45 Cal.4th 1039, 1061, quoting *People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757.) "Until the remittitur issues, the lower court lacks jurisdiction over the *subject matter* of the order or judgment on appeal.

---

[2] We therefore need not address the parties' dispute about whether the court's minute order correctly reflected the trial court's oral ruling, and whether a denial that is not expressly characterized as "with prejudice" is meaningfully different from one that is.

[Citation.]  Thus, any order the lower court makes affecting an order or judgment on appeal is null and void if made before the remittitur issues." (*People v. Burhop* (2021) 65 Cal.App.5th 808, 813 (*Burhop*), italics omitted.)  "The purpose of the rule divesting the lower court of jurisdiction when an appeal is pending ' "is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that *may* affect it." ' " (*Id.* at p. 814, italics added.)

Armendariz's appeal before the California Supreme Court was pending when the trial court ruled on his petition.  The trial court therefore lacked jurisdiction to consider the merits of any petition for resentencing because granting the petition would have affected the judgment and thereby changed the status quo.

The People cite *People v. Cress* (2023) 87 Cal.App.5th 421 (*Cress*) for the proposition that the trial court only lacked jurisdiction to *grant* the petition, but retained jurisdiction to *deny* it.  But that is not what *Cress* says.  In *Cress*, the trial court did not deny the petition before it, it *dismissed* the petition.  Indeed, *Cress* expressly *declined* to decide whether the trial court could have denied the petition instead of dismissing it, staying it, or doing "something else entirely." (*Id.* at p. 425.)  Thus, *Cress* stands for the proposition that trial courts may dismiss petitions under section 1172.6 while appeals are pending because "[t]he dismissal of the petition d[oes] not affect the judgment." (*Cress*, at pp. 424-425.)  It does not support the People's position that the court could deny the petition on the merits, even though it lacks jurisdiction to grant it.

4

Moreover, *Cress* is distinguishable from the facts here. In *Cress* the defendant filed a second section 1172.6 petition while an order denying his first such petition was on appeal. (*Cress*, *supra*, 87 Cal.App.5th at p. 423.) As the concurrence in *Cress* points out, that was a procedural posture distinct from both the posture of *Burhop* (holding a trial court cannot issue a new ruling on a postjudgment motion while the first ruling on the same motion is pending) and the common circumstance of postjudgment motions filed while the underlying conviction is on direct appeal. (*Cress*, at p. 426 (conc. opn. of Raphael, J.).) This case is not so distinct; it had the exact procedural posture contemplated by the general rule. That is, Armendariz's judgment was pending on direct appeal, and therefore the general rule applied "that an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court." (*Anderson v. Superior Court* (1967) 66 Cal.2d 863, 865.) The trial court in this case therefore had no jurisdiction to consider the petition on the merits at all.

We conclude the trial court's ruling on the merits of Armendariz's petition must be reversed for lack of jurisdiction. However, because Armendariz's appeal is no longer pending, the court now has jurisdiction to consider the petition. We therefore remand to permit the trial court to reconsider the petition on its merits.

DISPOSITION

We reverse the order denying Armendariz's petition and remand to permit the trial

court to reconsider the petition given its newfound jurisdiction.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____

J.

We concur:


MILLER_____

Acting P. J.

CODRINGTON_____

J.